IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **RONNIE TURNER,** § | |
| **(TDCJ No. 01336062)** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 7:22-cv-106-O |
| § | |
| **DIRECTOR, TDCJ-CID,** § | |
| § | |
| **Defendants.** § | |

## ORDER OF DISMISSAL

This case is now subject to summary dismissal for failure to comply with a Court order.

On October 13, 2022, Texas Department of Criminal Justice inmate Ronnie Turner completed and filed a form petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Texas, Texarkana Division. That court transferred the case to this the Wichita Falls Division of the Northern District of Texas. ECF No. 3. As that Court noted, "[a]lthough [Turner] filed his case in the form of a habeas corpus petition, he does not challenge the legality of his confinement, but rather the actions of mailroom officers and other unit officials at the Allred Unit of TDCJ." Transfer Order, ECF No. 3.

This Court agreed and issued an Order construing Turner's § 2254 petition for writ of habeas corpus filed in this case[1] as a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 15.

---

[1]Relatedly, just a few weeks before, Turner filed a § 2254 petition in the Fort Worth Division seeking relief under § 2254 challenging his 2005 conviction in Tarrant County, Texas, Case No. 0941085, for aggravated robbery with a deadly weapon. Pet. 2, *Turner v. Lumpkin*, No. 4:22-CV-957-O, ECF No. 1. In that case, this Court then noted that "Petitioner has filed fourteen prior federal habeas-corpus petitions under 28 U.S.C. § 2254 or 28 U.S.C. § 2241 in this Court challenging the same state court conviction. *See* CM/ECF search for Ronnie Turner (last visited October 25, 2022)." Order of Transfer 1, *Turner v. Lumpkin*, No. 4:22-CV-957-O, ECF No. 19. Furthermore, this Court, transferred Turner's § 2254 petition to the Fifth Circuit. *Id.* The Fifth Circuit, in an unpublished order issued on December 13, 2022, denied Turner's petition construed as a motion for authorization to file a § 2254 petition. *In re Ronnie Turner*, No. 22-11053 (5th Cir. Dec. 13, 2022). In that order, the Fifth Circuit, noting it had previously sanctioned Turner, "CAUTIONED that any future frivolous or repetitive filings in this court or any court subject to this Court's jurisdiction will subject [Turner] to additional sanctions, as will the failure to withdraw any pending matters that are frivolous, repetitive, or otherwise abuse." *Id.*

That Order further directed Turner to, if he sought to maintain this case as a civil complaint, complete and file a civil complaint form by no later **December 15, 2022.** And the Order expressly cautioned Turner that "[f]ailure to timely comply with this order could result in the dismissal without prejudice of this action without further notice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)."

As of the date of this Order, Turner has not filed an amended civil rights complaint form or otherwise filed any document responsive to the Court's order for him to do so by December 15. Although Turner filed two separate handwritten motions seeking to "Supplement" a "Memorandum in Support of His 28 U.S.C. § 2254," (ECF Nos. 16 and 17), in those documents Turner did not refer to the Court's order. *Id.* Instead Turner raised issues regarding an unrelated claim against the TDCJ-Inmate Trust Fund Office seeking for that office to identify him with a second name. *Id.* With Turner's extensive litigation and sanction history, he is aware that failure to timely and completely comply with a Court order, could subject him to dismissal without prejudice under authority of Federal Rule of Civil Procedure 41(b).

As a result, it is **ORDERED** that all of Plaintiff's claims are **DISMISSED** for lack of prosecution, without prejudice to their being refiled.[2] *See* Fed. R. Civ. P. 41(b).

**SO ORDERED** this **4th day** of **January, 2023.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[2] All pending motions shall be termed as moot.